# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| LARRY D. WRIGHT JR., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 5:10-CV-96 (HL) |
| DR. EKWUNIFE, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Currently pending before the Court is the Recommendation of United States Magistrate Judge Claude W. Hicks Jr., entered on April 29, 2010 (Doc. 7), in which he recommends that Defendants Anderson, Smith, and Hill be dismissed from this action.

Plaintiff has filed an objection (Doc. 11) to the Recommendation. The Court has made a *de novo* review of the portions of the Recommendation to which objection is made.

Plaintiff contends in his complaint that the Defendants have been deliberately indifferent to his serious medical needs. Under the Eighth Amendment, prison staff who display deliberate indifference to the serious medical needs of a prisoner may be held liable under 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291-92 (1976). However, the deliberate indifference must be so egregious as to constitute cruel and unusual punishment, id., and must involve "the

unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32, 113 S.Ct. 2475, 2480 (1993).

Here, Plaintiff's allegations do not support his claim that Anderson, Smith, or Hill were deliberately indifferent to his serious medical needs. According to Plaintiff's complaint and objection, Anderson and Smith asked Plaintiff to leave medical on one occasion, after Plaintiff engaged in a verbal dispute with them. Not providing medical care on one occasion, especially under the circumstances present at that time, does not constitute deliberate indifference.

As for Hill, Plaintiff alleges in his complaint that after he notified Hill that he was experiencing severe stomach pains that rendered him unconscious, Hill told him to go to medical. Clearly, Hill did not act with deliberate indifference by telling Plaintiff to go to medical.

Plaintiff also alleges in his complaint, however, that medical would not see him "because Sgt. Hill wouldn't relieve himself of duty to see that I get adequate medical treatment." He states in his objection that Hill "wouldn't relief [sic] his duty of post to provide medical aid for me." Plaintiff has not alleged that Hill was part of the medical staff or could have actually provided medical aid to Plaintiff. Also, there is no allegation that Hill knew that the medical staff would not see Plaintiff. Without such knowledge, Hill cannot be shown to have deliberately ignored or disregarded a serious risk of harm to Plaintiff.

The Magistrate Judge was correct that Plaintiff has failed to allege sufficient involvement by Anderson, Smith, and Hill to support claims of deliberate indifference against them. Plaintiff's objection and the three affidavits filed by Plaintiff do not convince the Court otherwise. Accordingly, the Recommendation (Doc. 7) is adopted and made the order of this Court. Anderson, Smith, and Hill are dismissed from this action, and the case will proceed against Defendants Ekwunife, Akunwanne, and Humphrey.

**SO ORDERED**, this the 16th day of June, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh