# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| LARRY D WRIGHT, JR., : | |
| : | |
| Plaintiff, : | |
| : | NO. 5:10-CV-96 (MTT) |
| VS. : | |
| : | |
| DR. EKWUNIFE, *et al.*, : | |
| : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. : | Before the U.S. Magistrate Judge |
| _____ : | |

## ORDER AND RECOMMENDATION

Defendants herein have filed a Motion to Dismiss arguing, among other things, that plaintiff Larry D. Wright, Jr. did not exhaust his available administrative remedies as required by the Prison Litigation Reform Act (PLRA) (42 U.S.C. § 1997e(a)) prior to filing the above-captioned Section1983 action. As is set forth more fully below, the record of this case shows that Plaintiff filed this lawsuit before he had fully exhausted his administrative remedies. Accordingly, it is hereby **RECOMMENDED** that the Court **GRANT** Defendants' Motion (Doc. 22) and **DISMISS** this case without prejudice.

In view of the foregoing recommendation to dismiss this action, **IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for a Protective Order (Doc. 42) and Motion for a Preliminary Injunction (Doc. 47) be **DENIED**, as they will be moot upon dismissal of the case.

In the absence of any showing that appointed counsel is warranted in this civil case, Plaintiff's Motion to Appoint Counsel (Doc. 54) is hereby **DENIED**.

Because the undersigned has reviewed and considered all materials submitted by Plaintiff, Plaintiff's Motion for Affidavit Claim (Doc. 44) is hereby **GRANTED**, and Defendants' Motion

to Strike Plaintiff's Motion for an Affidavit Claim (Doc. 46) and Motion to Strike Plaintiff's third Response to their Motion to Dismiss (Doc. 51) are hereby **DENIED**.

## BACKGROUND

The incidents giving rise to Plaintiff's Complaint allegedly occurred during his incarceration at Baldwin State Prison. Plaintiff alleges that he was repeatedly denied adequate medical care for a stomach condition. Consequently, he asserts that his constitutional rights have been violated and that he is entitled to damages.

## DISCUSSION

Because it is clear that the plaintiff failed to fully exhaust his available administrative remedies prior to filing the instant action, his action should be dismissed. The PLRA mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of the administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998).

Where a request for dismissal based on the affirmative defense of failure to exhaust is raised, consideration of such a request involves the application of the two-step process prescribed in Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). First, the court looks to the factual allegations in the defendant's motion seeking dismissal as well as those in the plaintiff's response. If the factual allegations conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id.

If the complaint is not subject to dismissal at the first step, the court proceeds to the second step, making specific findings in order to resolve the disputed factual issues related to exhaustion. Id. Once these findings have been made, the court, based on those findings, must determine whether or not the inmate has exhausted available administrative remedies. Id.

In this case, Defendants have submitted the complete record of Plaintiff's grievances at Baldwin State Prison. In his three separate responses to the Motion to Dismiss, Plaintiff has not challenged the record submitted by Defendants, but has relied on the argument that he should be afforded a degree of leniency due to his pro se status. The evidence submitted by Defendants shows that the prison has a three-step grievance process. The inmate first files an informal grievance for review by the deputy warden of care and treatment. If the response to the informal grievance is unsatisfactory, the inmate may file a formal grievance for review by the warden. If the warden's response is unsatisfactory, the inmate may file an appeal for review in the commissioner's office. The record shows that Plaintiff filed three separate grievances related to his medical claims, but that he had not exhausted the administrative procedures for any of these grievances at the time he filed his Complaint.

The first of Plaintiff's three informal grievances was filed on January 9, 2010, alleging that Dr. Akunwanne had "constantly" denied him medical assistance since September 18, 2009. Def's Ex. A, Attachment 3. Ekwunife and Humphrey were not mentioned in this grievance. Plaintiff filed a second informal grievance on February 6, 2010, alleging that Sgt. Hill had denied him access to medical care. Id., Attachment 5. On February 23, 2010, Plaintiff filed his third informal grievance, alleging that Nurse Smith got upset with him and denied him access to medical care. Id. Attachment 6. Plaintiff did not mention any of the remaining Defendants in his second and third grievances.

Each of the three informal grievances was denied, and Plaintiff subsequently filed formal grievances with the warden.

Plaintiff's three grievances were still in the appeals process at the time Plaintiff filed his Complaint, on March 8, 2010. Plaintiff filed appeals from the warden's denial of his formal grievances on February 1, 2010, March 1, 2010, and March 12, 2010. The State's administrative process allows the commissioner's office 90 days to review an appeal. At the time Plaintiff filed his Complaint, the commissioner's office had not ruled on any of the three appeals.[1] As such, his Complaint was premature. Administrative procedures must be exhausted **before** a federal lawsuit can commence.

Even if Plaintiff's three grievances had been exhausted prior to his filing this lawsuit, the specific allegations in the Complaint regarding the three remaining Defendants all relate to events that occurred after the above-mentioned grievances were filed. In the Complaint, Plaintiff contends that he was referred to a consultation with a gastrointestinal specialist on February 8, 2010, and that after that consultation, Ekwunife and Akunwanne "withdrew all medical treatments, diet profiles, and would no longer set appointments to follow up" on Plaintiff's stomach condition. Complaint 4.

In view of the above, Plaintiff's failure to exhaust his available administrative remedies prior to filing the instant action is undisputed. Because exhaustion of administrative remedies is a statutory precondition to filing any suit with respect to prison conditions, Plaintiff's failure to exhaust warrants the dismissal of his Complaint, without prejudice.

---

[1] The commissioner's office denied Plaintiff's first appeal on March 10, 2010, two days after he filed his Complaint.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendations with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the plaintiff at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 5th day of January, 2011.

        s/ Charles H. Weigle
        Charles H. Weigle
        United States Magistrate Judge